UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CORY DUSTIN HARDIMAN, | ) |
| Plaintiff, | ) |
| v. | ) No.: 1:24-CV-124-TAV-CHS |
| SHERIFF JOYCE MCCONNELL, SANDY METCALF, VICKY AFISOV, PATRICK MURDOCK, JIM BALDWIN, and BRIAN JENKINS, | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

Plaintiff Cory Dustin Hardiman, a state inmate formerly in the custody of the Lincoln County Jail, was permitted to proceed in this action under 42 U.S.C. § 1983 on a claim that Lincoln County officials, in their official capacities, violated his right to equal protection of the law under the Fourteenth Amendment. [*See* Doc. 4, p. 19]. Sheriff Joyce McConnell, Sandy Metcalf, Vicky Afisov, Patrick Murdock, Jim Baldwin, and Brian Jenkins filed a motion to dismiss this action for failure to state a claim [Doc. 25]. Plaintiff failed to timely respond to the motion, and, consistent with the Court's local rules, the Court finds that plaintiff has waived any opposition to the sought relief. *See* E.D. Tenn. L.R. 7.1; 7.2. For the reasons set forth below, defendants' motion [Doc. 25] will be **GRANTED** and this action will be **DISMISSED**.

I.   **Background**[1]

Plaintiff claims the disparate treatment between male and female felons at the Lincoln County Jail violates the Equal Protection Clause of the Fourteenth Amendment, because male felons may earn "2 for 1" sentence credits by working, while female felons, who are not permitted to work, receive such sentence credits automatically [Doc. 2, p. 16]. Plaintiff applied for several jobs at the jail but was repeatedly rejected, thus denying him the opportunity to earn sentencing credit that female felons received automatically [*Id.* at 10–11, 16].

Aggrieved, plaintiff filed the instant action seeking declaratory relief, a court order "compelling defendants to apply 2 for 1 credits retroactively and prospectively[,]" and both nominal and punitive damages [*Id.* at 20]. Soon after filing suit, plaintiff was transported to the Bledsoe County Correctional Complex [Doc. 5]. He is now confined at the Northeast Correctional Complex, his "permanent time building facility" [Doc. 11].

II.  **Standard of Review**

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A claim for relief is

---

[1] As only plaintiff's gender-based equal protection claim survived the Court's screening of the complaint under the Prison Litigation Reform Act ("PLRA"), *see* 28 U.S.C. § 1915(e), the Court confines its recitation of plaintiff's allegations to this claim [Doc. 4, p. 19].

implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679. When considering a plaintiff's claims, all factual allegations in the complaint must be taken as true. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, the Supreme Court has cautioned:

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"— "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 679 (internal citations omitted).

## III. Analysis

Plaintiff's claim is essentially that since he was not selected for a work position, he was in the same position as female felons at the Lincoln County Jail and was thus entitled to the automatic sentence credits the female felons received [*See* Doc. 2, p. 16]. But automatic sentence credits are proscribed by Tennessee law. Tenn. Code Ann. § 41-21-236(a)(3)(A). And, as set forth more fully below, any automatic credits were awarded incorrectly, and that mistaken award of an extra-legal benefit to female felons did not actually deprive plaintiff of anything.

The resolution of defendants' motion requires consideration of Tennessee Code Annotated § 41-21-236, which states, in relevant part, that work positions "shall be assigned" to prisoners when available. Tenn. Code Ann. § 41-21-236(a)(1). The credit toward the sentence for time worked, however, is discretionary. *See* Tenn. Code Ann. § 41-21-236(a)(2)(A)(i) (stating an inmate "who exhibits satisfactory performance within

3

a program may be awarded time credits toward the sentence imposed"). Additionally, and with only a few minor and limited exceptions, whether to grant an inmate credit is a decision made by the "warden[.]" Tenn. Code Ann. § 41-21-236(a)(1)(A)(iii). The warden's decisions can then be reviewed by "the inmate disciplinary oversight board." *Id.*

However, no inmate has a "right to any such time credits[.]" Tenn. Code Ann. § 41-21-236(a)(2)(D). In fact, the law goes further to state not only that "[s]entence credits shall not be earned or credited automatically," but to also emphasize that awarding time is at "the discretion of the responsible warden in accordance with the criteria established by the [Department of Corrections]" after receiving a document certifying the inmate's "good institutional behavior or satisfactory program performance or both." Tenn. Code Ann. § 41-21-236(a)(3)(A).

Given the law recited above, defendants' alleged conduct of awarding female felons automatic sentence credit violates Tennessee law. Defendants acknowledge this fact and state that they "have ceased the allegedly unconstitutional practice, so there is no longer a case or controversy for this court to consider[,]" thereby rendering plaintiff's claim moot [Doc. 26, p. 16 (citing *Uzuegbunam v. Preczewski*, 529 U.S. 279 ___, 141 S. Ct. 792, 796 (2021) (holding when court "finds that it can no longer provide a plaintiff with any effectual relief, the case is generally moot")).

But even assuming plaintiff's claim is not mooted by defendants' cessation of their conduct, plaintiff lacks standing to pursue his claim. Article III of the United States Constitution provides federal courts with the judicial power to resolve "cases" and

4

"controversies[.]" U.S. Const. art. III, § 2. The case-or-controversy requirement requires a plaintiff to establish his or her standing to sue. *See, e.g., FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). And "the irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The first is "injury in fact[,]" which requires the plaintiff to have suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical[.]'" *Id.* (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 156 (1990)). Second, there needs to be a causal link between the challenged conduct and the identified injury. *Id.* And finally, "it must be likely . . . that the injury will be redressed by a favorable decision." *Id.* at 561 (internal quotation marks omitted).

### A. Injury In Fact

Here, Plaintiff has not personally suffered a concrete injury, i.e., one that "actually exist[s]." *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). When alleging an injury-in-fact in an equal protection case, a plaintiff can show that his injury stems from "the imposition of [a] barrier," and need not allege the injury is "the ultimate inability to obtain the benefit." *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993). But as noted above, Tennessee law explicitly provides that automatic credits "shall not be earned or credited[.]" Tenn. Code Ann. § 41-21-236(a)(3). Thus, plaintiff was treated as prescribed by the law, even if defendants inappropriately disregarded that law's applicability to others. In other words, defendants' apparent disregard of the law in giving females automatic credits did not result in an injury

5

to plaintiff that "actually exist[s]" under the law, and therefore there is no concrete injury in this case. *Spokeo*, 578 U.S. at 340.

Furthermore, defendants' alleged conduct did not impact plaintiff in a "particularized" way. *Id.* Plaintiff complains of an extra-legal benefit to female prisoners, but that improper benefit to the females did not impact him in an individualized manner, as it did not prevent him from receiving anything. Rather, the benefit plaintiff complains the females received but he did not is prohibited by statute. Tenn. Code Ann. § 41-21-236(a)(3). Thus, Plaintiff's claim that the female inmates received these inappropriate sentence credits alleges only an "impermissible generalized grievance," *Lujan*, 504 U.S. at 575 (internal quotation marks omitted), couched in the language of an individualized injury. Accordingly, the Court finds plaintiff has failed to establish he suffered an injury in fact.

### B. Redressability

Additionally, plaintiff has also failed to plead for relief that is likely to redress whatever injury he may have suffered, which provides the Court with additional grounds to dismiss his complaint. *Lujan*, 504 U.S. at 560.

Plaintiff has requested both nominal and punitive damages [Doc. 2, p. 20]. But for nominal damages to serve as the basis for redressing his injury, there must have been "a completed violation of [his] legal right." *Uzuegbunam*, 141 S. Ct. at 801–02. And punitive damages, which are awarded to pursue "deterrence and retribution[,]" consider, in part, any misconduct by the defendants and the actual or potential harm suffered by the plaintiff.

*See State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 416, 418 (2003). But, as discussed above, plaintiff has not experienced a violation of any legally cognizable right, and thus, there was no misconduct by defendants directed toward plaintiff.

Plaintiff fares no better in seeking equitable relief [Doc. 2, p. 20]. The declaration that plaintiff was deprived of equal protection of the law would do nothing to redress any previous harm to him. Further, an injunction compelling defendants to give plaintiff "2 for 1" sentence credits retroactively and prospectively would be a plain violation of Tennessee law, as none of defendants have power to grant the credits plaintiff desires. *See* Tenn Code Ann. § 41-21-236(a)(2)(A)(iii) (providing "warden" will award the credit). Since defendants never had the power to provide this "2 for 1" credit to begin with, an injunction ordering the credit "prospectively and retroactively" would violate Tennessee law. Thus, the Court finds plaintiff's suit also lacks redressability.

**IV.  Conclusion**

For the reasons set forth above, defendants motion to dismiss [Doc. 25] will be **GRANTED**, and this action will be **DISMISSED**. Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that plaintiff is **DENIED** leave to proceed *in forma pauperis* should he choose to file an appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. An appropriate order will enter.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE